entered January 10, 1927, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendants. Intestate, an employee of a roofing contractor, was sent to a building owned by defendant Fulmer-Agne Realty Company and leased by defendant Waldorf System, Inc., to make repairs to the roof, at the request of the manager of defendant Waldorf System, Inc. There was evidence that to reach the roof to make repairs a fire escape on the side of the building was customarily used. On the day of the accident while intestate was upon the fire escape attempting to lower the drop ladder at the lower end thereof a chain supporting the ladder broke and plaintiff was precipitated to the sidewalk causing injuries resulting in his death.

*G. E. Pritchard* for Fulmer-Agne Realty Company, appellant.

*William E. Fitzsimmons* for Waldorf System, Inc., appellant.

*Gay H. Brown* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

SAMUEL LANDER, Respondent, *v.* ISAAC WALD, Appellant.

*Pleading — slander — words actionable per se — complaint alleging defendant charged plaintiff with being a " pimp " states a cause of action for slander.*

*Lander* v. *Wald,* 218 App. Div. 514, affirmed.

(Submitted May 13, 1927; decided May 31, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 3, 1926, which reversed an order of Special Term granting a motion by defendant for a dismissal of the complaint and denied said motion.

The action was for slander. The complaint alleged that the defendant in the presence of third persons " maliciously spoke of and concerning the plaintiff, the false and defamatory words as follows: ' You have no business to work. You are a pimp,' " and " The pimp is making $100 a week and he goes home so early." The Appellate Division held that the words alleged to have been spoken charge a crime and are actionable *per se*.

The following question was certified:

" Does the complaint state a cause of action ? "

*Maurice Deiches* and *Elwood G. Feldstein* for appellant.
*Walter L. Bunnell* for respondent.

Order affirmed, with costs; question certified answered in the affirmative; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* PETER HESLIN, Appellant.

*Crimes — murder in first degree — judgment of conviction affirmed.*

(Argued May 16, 1927; decided May 31, 1927.)

APPEAL from a judgment of the Court of General Sessions of the county of New York, rendered November 4, 1926, upon a verdict convicting the defendant of the crime of murder in the first degree.

*Alexander I. Rorke, James M. Vincent* and *Frederick L. Kane* for appellant.

*Joab H. Banton, District Attorney (Robert C. Taylor* of counsel), for respondent.

Judgment of conviction affirmed; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.